UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **Antonio Walsh**, <br><br> Plaintiff, <br><br> v. <br><br> **Wendy's of Colorado Springs, Inc.**, a Colorado Limited Liability, <br><br> Defendant. | No. <br><br> **COMPLAINT** |

Plaintiff, Antonio Walsh ("Plaintiff"), sues the Defendant, Wendy's of Colorado Springs, Inc. ("Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New Mexico Statutes Ann. § 50-4 *et seq.,* ("NMSA Minimum Wage Act) for Defendant's failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The NMSA Minimum Wage Act establishes the law regarding minimum wage, overtime, and all earned wages within the State of New Mexico.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of New Mexico, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

**PARTIES**

6. At all material times, Plaintiff is an individual residing in Bernalillo County, New Mexico, and is a former employee of Defendant.

7. At all material times, Defendant Wendy's of Colorado Springs, Inc. is a corporation licensed to transact business in the State of New Mexico. At all material times, Defendant Wendy's of Colorado Springs, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Bernalillo County, New Mexico.

8. At all material times, Defendant Wendy's of Colorado Springs, Inc. does business as "Wendy's," a fast-food style restaurant chain of which Defendant is a franchisee.

9. At all relevant times, Defendant Wendy's of Colorado Springs, Inc. was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times,

Defendant Wendy's of Colorado Springs, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant.  As a person who acted in the interest Wendy's of Colorado Springs, Inc. in relation to the company's employees, Defendant Wendy's of Colorado Springs, Inc. is subject to liability under the FLSA.

10. At all material times, Defendant Wendy's of Colorado Springs, Inc. is Plaintiff's "employer" as defined by the NMSA Minimum Wage Act.

11. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

12. Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

13. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

14. At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

15. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

16. Defendant owns and/or operates as Defendant Wendy's of Colorado Springs, Inc., an enterprise located in Colorado Springs, El Paso County, Colorado doing business in multiple states, including New Mexico, as Wendy's.

17. Plaintiff was hired by Defendant and worked for Defendant as a crew member from approximately June 2020 through approximately August 2020.

18. At all relevant times, Plaintiff's job duties included, but were not limited to, customer service, cashiering, and cleaning.

19. Defendant, in its sole discretion, agreed to pay Plaintiff approximately $9.35 per hour for all hours he worked.

20. Plaintiff worked for approximately seven weeks for Defendant.

21. During his time working for Defendants, Plaintiff worked approximately 40 hours per week.

22. Defendant paid Plaintiff no wages whatsoever for any of the time that Plaintiff spent working for Defendant for the entire duration of his employment.

23. Upon departing from employment with Defendant, Plaintiff inquired with a manager about when he would be paid.

24. Defendant's manager informed Plaintiff only that they could not help him.

25. Plaintiff further inquired with upper management about being paid. To date, Plaintiff has received no substantive response.

26. As a result of not having paid any wage whatsoever to Plaintiff for the entire duration of his employment with Defendant, Defendant failed to pay the applicable minimum wage to Plaintiff.

27. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant have violated 29 U.S.C. § 206(a).

28. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant failed to pay minimum wage, in violation of the NMSA Minimum Wage Act.

29. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant have failed to pay wages due and owing to Plaintiff, in violation of the NMSA Minimum Wage Act.

30. Defendant has and continues to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

31. Defendant has and continues to violate the NMSA Minimum Wage Act by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

32. Defendant have and continue to violate the NMSA Minimum Wage Act by not paying Plaintiff the wages due and owing to him for all hours he worked during his regular workweeks.

33. Plaintiff is a covered employee within the meaning of the FLSA.

34. Plaintiff is a covered employee within the meaning of the NMSA Minimum Wage Act.

35. Plaintiff was a non-exempt employee.

36. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

37. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

38.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

39.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under the NMSA Minimum Wage Act

40.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under the NMSA Minimum Wage Act.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

41.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42.     Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the entire duration of his employment.

43.     Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

44.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Antonio Walsh, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid

minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: NMSA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the entire duration of his employment.

47. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the NMSA Minimum Wage Act.

48. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Antonio Walsh, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: NMSA MINIMUM WAGE ACT
## FAILURE TO PAY WAGES OWED

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the entire duration of his employment.

51. Defendant's practice of willfully failing to pay Plaintiffs wages for labor performed violates the NSMA Minimum Wage Act.

52. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Antonio Walsh, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 17th day of November, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com
   chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com